**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | No. 08-16762 |
| Plaintiff - Appellant, | D.C. No. 4:06-cv-02022-CW |
| v. | MEMORANDUM [*] |
| MICHAEL T. BLATT, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted November 6, 2009
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, [**] District
Judge.

Liberty Mutual Insurance Company appeals the district court's denial of

summary judgment and subsequent entry of judgment in a diversity action to

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

recoup the cost of defending Michael Blatt in a separate state court lawsuit. We affirm.

We review de novo the district court's denial of summary judgment. *Warfield v. Alaniz*, 569 F.3d 1015, 1019 (9th Cir. 2009). In California, the insurer's duty to defend an insured "runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed." *Buss v. Superior Court*, 939 P.2d 766, 773 (Cal. 1997). In a "mixed" action, where some of the claims are at least potentially covered and the others are not, the insurer has a duty to defend the action in its entirety. *Id.* at 774-75. Nonetheless, an insurer may recoup those defense expenses that can be allocated solely to claims for which there never was any potential for coverage. *Id.* at 776.

The district court reviewed the negligence and breach of contract claims against Blatt in the state court complaint and found that they involved property damage potentially covered by the terms of Liberty Mutual's policy with Schnabel Foundation. Under the terms of the policy and a contract between Schnabel and Blatt, Liberty Mutual's coverage extended to Blatt as well, and the district court thus concluded that the California Supreme Court's holding in *Buss* precluded reimbursement.

Liberty Mutual contends that the district court erred by equating the terms "claim" and "cause of action" in its analysis. According to Liberty Mutual, the negligence and breach of contract "causes of action" each contained potential and nonpotential "claims" that must be segregated for purposes of reimbursement. Neither *Buss* nor subsequent California cases, however, support Liberty Mutual's argument. The potential or nonpotential "claims" in question are the very same "causes of action" denoted in the state court complaint. *See id.* at 784 (describing the relevant test as whether "specific costs can be allocated solely to the causes of action that were not even potentially covered"); *see also Hameid v. Nat'l Fire Ins. of Hartford*, 71 P.3d 761, 770 (Cal. 2003) (holding that an insurer had no duty to defend in the absence of "any cause of action amounting to a potentially covered offense under the . . . insurance policy").

Liberty Mutual's duty to defend continued until the state court jury verdict absolved Schnabel of liability. Until that time, Liberty Mutual was obligated to pay Blatt's defense costs, including the plaintiffs' attorneys' fees taxed against him. California law defines such awards as "costs" covered by the standard supplementary payments provision we encounter here. *Prichard v. Liberty Mut. Ins. Co.*, 101 Cal. Rptr. 2d 298, 313 (Ct. App. 2000) ("[C]osts awarded against the insured because of prevailing party attorney fee clauses applicable in the

3

underlying litigation [are] part of the supplementary payments section of the policy. . . . [S]uch attorney fees are statutorily defined as costs." (citing *Ins. Co. of N. Am. v. Nat'l Am. Ins. Co. of Cal.*, 43 Cal. Rptr .2d 518, 525-26 (Ct. App. 1995))). Although these costs were awarded after Liberty Mutual's duty to defend expired, they accrued while the duty to defend was in effect. Consequently, like the other defense costs accrued before the jury's verdict, Liberty Mutual cannot recoup the award of attorneys' fees.

     **AFFIRMED**.